IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-36-BO1

| | |
|---|---|
| LANIER CONSTRUCTION COMPANY, INC. ) ) ) Plaintiff, ) ) v. ) ) CITY OF CLINTON, NORTH CAROLINA,) a municipality; JOHN CONNET, ) individually and in his official capacity as ) Clinton City Manager; and PAUL ) HOWARD CONSTRUCTION COMPANY, ) INC., a North Carolina Corporation, ) ) Defendants. ) _____ ) | O R D E R |

This matter is before the Court on Plaintiff's Motion for a Preliminary Injunction (DE # 6) and Defendant Howard Construction's Motion to Dismiss (DE # 14). Plaintiff's Motion is DENIED and Defendant's Motion is GRANTED.

Also pending before the Court are Defendants' three separate Motions to Quash subpoenas (DE ## 18, 20, 21). These motions are all DENIED as moot.

FACTS

Plaintiff Lanier Construction Company ("Lanier") alleges the following facts in its Complaint (DE # 3):

Lanier is a minority (black) owned North Carolina construction firm. Lanier has been specializing in public utilities, grading/road construction, site development, and road/street work for private and governmental clients for 27 years. On October 14, 2010, Lanier was the lowest

1

bidder on a project solicited by the City of Clinton for its Downtown Revitalization Phase III. Lanier bid $1,056,403.75. The bidding process was conducted by the professional engineering firm, The Wooten Company, through a contract with the City of Clinton.

The Wooten Company Project Engineer informed Lanier that he was recommending it for award of the final contract. Subsequently, Clinton City Manager John Connet personally investigated the qualifications of Lanier. Connet then submitted a memorandum to the City Council on November 23, 2010, recommending rejection of the Lanier bid on the ground that Lanier was not the lowest "responsible" bidder. The City Council placed the matter on its agenda for its December 7, 2010 meeting. Lanier was not notified of this meeting.

At the meeting, the Council followed Connet's recommendation and unanimously rejected Lanier's bid. The Council instead awarded the contract to the second lowest bidder, Paul Howard Construction Company, Inc. The Paul Howard Construction Company bid $1,097,300.00, and is white owned and operated.

Lanier was first notified of these developments in a letter from Connet dated December 13, 2010. The letter stated that Lanier was not a responsible bidder taking into consideration Lanier's quality, performance, and timeliness on previous projects

On June 4, 2009, Lanier was also the lowest bidder on substantially the same project. All bids were rejected by Connet off the record and without subsequent written explanation to Lanier.

After its December 7, 2010 rejection of Lanier's bid, the Council placed Lanier on its agenda for a hearing on February 1, 2011. At this meeting, five council members were present; three white and two black. Lanier attempted to rebut Connet's memorandum and presented council members with a packet of information supporting his cause. The two black council

members motioned and seconded to delay the scheduled March 7, 2011 start date for construction on the project pending further deliberation of the matter. The project had already been delayed for one year by the Council. The black members stated that further delay would not harm the City of Clinton and that fairness concerns outweighed the need to start construction on March 7, 2011.

The three white members voted to reject the two black members' motion, affirming the Council's December 7, 2010 decision. Paul Howard Construction Company was scheduled to begin work on March 7, 2011.

The award of public contracts in North Carolina is governed by North Carolina General Statute § 143-129, which provides in pertinent part that "[a]ll proposals shall be opened in public and the board or governing body shall award the contract to the lowest responsible bidder or bidders, taking into consideration quality, performance and the time specified in the proposals for the performance of the contract." N.C Gen. Stat. § 143-129(b). Section 143-129(b) also states, "[p]roposals may be rejected for any reason determined by the board or governing body to be in the best interest of the unit. However, the proposal shall not be rejected for the purpose of evading the provisions of this Article." Id.

Lanier argues that its bid was rejected because it is a black owned company. It claims, *inter alia*, breach of contraction, and violation of its rights to equal protection and substantive and procedural due process under the Fourteenth Amendment. Lanier motioned for a temporary restraining order and preliminary injunction preventing Defendant Howard from commencing construction on March 4, 2011. (DE ## 7, 6). The Court denied the temporary restraining order on March 25, 2011, finding Lanier would not suffer irreparable harm if the injunction is denied. (DE # 11).

3

The Court held a hearing on the preliminary injunction motion on April 7.

## DISCUSSION

### Denying Motion for Preliminary Injunction

The Court denies Lanier's Motion for a Preliminary Injunction.

A preliminary injunction is a similar remedy to a temporary restraining order. The difference is that a temporary restraining order preserves the status quo until a preliminary injunction hearing can be held, while a preliminary injunction preserves the status quo pending a final trial on the merits. Hoechst Diafoil Co. v. Nan Ya Plastics Corp.,174 F.3d 411, 422 (4th Cir. 1999).

Under both, the district court must balance the hardships likely to befall the parties if the injunction is, or is not, granted. The Plaintiff must show that the balance of hardship weighs in its favor through demonstration of four factors: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. Id. at 416-417. The essential purpose of the temporary restraining order is to preserve the status quo and prevent irreparable harm. Id. at 422 (citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974)). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, 129 S.Ct. 365, 376 (U.S. 2008).

Lanier has failed to show it would likely suffer irreparable harm if the preliminary injunction is denied. Indeed, the instant motion is virtually identical to Lanier's Motion for a Temporary Restraining Order already denied by this Court. (DE ##7, 11). Lanier has again only stated that if the injunction is denied, "Lanier will suffer irreparable harm by the permanent loss

and benefits of the contract to which it is entitled as a matter of law" and suffer a violation of its "constitutional rights." Pl.'s Mot. at 4-5. Lanier's arguments are merely conclusionary, and ignore that money damages will always be available to make Lanier whole if it should prevail on its claims. Lanier failed to expand these conclusionary arguments at the April 7th hearing on this issue.

Lanier's arguments regarding the other factors for injunctive relief are similarly conclusionary and unpersuasive. Thus, Lanier has failed to show it is entitled to the extraordinary remedy of a preliminary injunction.

### Granting Defendant Howard Construction's Motion to Dismiss

The Court dismisses Lanier's claims against Defendant Howard Construction as it is an unnecessary party in this action and Lanier had made no claims against it.

Under Federal Rule of Civil Procedure 19, "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:"

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>    (i) as a practical matter impair or impede the person's ability to protect the interest; or
>    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. . . .

Here, Lanier states that as Defendant Howard Construction was the "second lowest bidder," it is a "necessary and indispensable party for the determination of the rights and obligations of the parties." Lanier cites only to *NC Monroe Construction Co. v. Guilford County Bd Of Education,* 278 N.C. 633, 641 (1971) in support of this statement. Compl. ¶ 9. Lanier has

not made any claims against Howard Construction. Plaintiff did not file a Response to Defendant's Motion to Dismiss.

NC Monroe is distinguishable from this case and Howard Construction is not a necessary party to this action. In NC Monroe, a contractor sued a school board, seeking a declaratory judgment that its contract with a third-party was invalid because the School Board violated the statutory competitive bid process. N.C. Monroe, 278 N.C. at 640. The North Carolina Supreme Court held that under North Carolina Rules of Civil Procedure,[1] the third-party was a necessary party to the action because the "purpose of the present action is to obtain a declaration that the contract between the defendant and [third-party] is invalid."

Unlike in NC Monroe, Lanier does not seek any determination regarding the validity of the construction contract between the City of Clinton and Howard. Additionally, Lanier has failed to show it is entitled to injunctive relief and Howard Construction has already begun construction on the project at issue. Lanier's claim for specific performance of its alleged contract with the City is accordingly moot. Regardless of whether Lanier prevails on its claims, Howard Construction will not be affected by the outcome of this case. Therefore, Rule 19 of the Federal Rules of Civil Procedure does not require joinder, and Howard Construction is dismissed from this action.

---

[1] Rule 19 of the North Carolina Rules of Civil Procedure addresses "the necessary joinder of parties." Rule 19(a), states that "those who are united in interest must be joined as plaintiffs or defendants..." Rule 19(b) deals with the "[j]oinder of parties not united in interest." It states, "[t]he court may determine any claim before it when it can do so without prejudice to the rights of any party or to the rights of others not before the court; but when a complete determination of such claim cannot be made without the presence of other parties, the court shall order such other parties summoned to appear in the action."
Although North Carolina's Rule 19 appears broader than Federal Rule 19, it is unnecessary to address this difference here.

## Denying Motions to Quash Supoenas

The Court denies Defendants' three separate Motions to Quash subpoenas as moot (DE # 18, 20, 21). Plaintiffs issued numerous subpoenas for various Defendants and other witnesses to testify at the April 7th hearing. As the Court did not allow such testimony, the matter of the subpoenas is moot, and the Motions are accordingly denied.

## CONCLUSION

Plaintiff's Motion for a Preliminary Injunction is DENIED, Defendant Howard Construction's Motion to Dismiss is GRANTED, and Defendants' Motion to Quash are DENIED.

SO ORDERED, this 26 day of April, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE