IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CV-36-BO

LANIER CONSTRUCTION COMPANY, INC., )
*a North Carolina Corporation* )
      Plaintiff, )
      )
    v. )   **ORDER ON BILL OF COSTS**
      )
CITY OF CLINTON, NORTH CAROLINA, )
*A Municipality*, et al., )
      Defendants. )

On February 20, 2013, the court granted the motion for summary judgment of defendants City of Clinton, North Carolina and John Connet ("movants") [D.E. 43]. On February 25, 2013, movants filed a bill of costs [D.E. 58]. Plaintiff did not file an objection. The matter is ripe for consideration. For the reasons stated, movants' application for costs is allowed in part and disallowed in part.

I.

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorneys' fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Fourth Circuit has repeatedly recognized a "presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999); see, e.g., Rinaldli v. CCX, Inc., 388 Fed. Appx. 290, 298 (4th Cir. 2010) (per curiam) (unpublished); U.S. Bank Trust Nat. Ass'n v. Venice MD LLC, 92 Fed Appx. 948, 956 (4th Cir. 2004) (per curiam) (unpublished). The court granted summary judgment in favor of movants. Thus, movants are prevailing parties and are entitled to costs.

Movants seek costs in the total amount of $1,060.25 for deposition transcripts [D.E. 58]. A prevailing party may recover fees for printed or electronically recorded transcripts necessarily obtained for use in the case. See 28 U.S.C. § 1920(2). Movants assert that the costs of the depositions of plaintiff, Henry Arthur Lanier, John Connet and Adam G. Mitchell are correct and were necessarily incurred in this action, and that services for which fees have been charged were actually and necessarily performed [D.E. 58]. See Bill of Costs. In support of their request, movants submitted court reporter invoices for the depositions. Plaintiff did not challenge the necessity or reasonableness of the tendered costs.

Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition. With regard to plaintiff, Henry Arthur Lanier's deposition, movants request costs of $580.25 [D.E. 58]. The court reporter's attendance fee of $75.00 is allowed. See Local Civil Rule 54.1(c)(1)(a). Under Local Civil Rule 54.1(c)(1)(a), the costs in the amount of $110.00 for the review and signature, exhibits, and shipping and handling are not taxable and are disallowed. Movants also request costs in the amount of $153.00 for the deposition transcript of Adam G. Mitchell [D.E. 58]. The fees in the amount of $18.00 for the exhibits and shipping and handling are disallowed. The remaining fees of $135.00 for a copy of the deposition transcript is allowed. Finally, movants seek costs in the amount of $327.00 for a copy of the deposition of John Connet [D.E. 58] .The fees in the amount of $12.00 for shipping and handling are disallowed. The remaining fee of $315.00 for a copy of the deposition transcript is allowed.

Movants seek costs in the amount of $325.00 for mediation fees [D.E. 58]. Mediation fees are not allowable pursuant to § 1920 and are disallowed.

In sum, movants, City of Clinton, North Carolina and John Connet are allowed fees for printed or electronically recorded transcripts in the amount of $920.25. These costs are taxed against plaintiff, Lanier Construction Company, Inc. Movants' request for costs for exhibits and shipping and handling are disallowed. Movants' request for costs for mediation fees is disallowed. All other requests for costs not referenced in this summary are denied.

SO ORDERED. This 19th day of April 2013.

Julie A. Richards
Clerk of Court

3